12-5027
Struk v. Holder

BIA
Verrillo, IJ
A200 738 680

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

LIUDMYLA VOLODYMYRIVNA STRUK,
    *Petitioner,*

    v.                 12-5027
                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:     Robert C. Ross, West Haven, Connecticut.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liudmyla Volodymyrivna Struk, a native and citizen of Ukraine, seeks review of a November 27, 2012, decision of the BIA affirming a November 9, 2010, decision of an Immigration Judge ("IJ"), pretermitting her application for asylum and denying her application for withholding of removal. *In re Liudmyla Volodymyrivna Struk*, No. A200 738 680 (B.I.A. Nov. 27, 2012), *aff'g* No. A200 738 680 (Immig. Ct. Hartford Nov. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.  Pretermission of Asylum

Our jurisdiction to review the pretermission of an asylum application as untimely is limited to constitutional

claims and questions of law. *See* 8 U.S.C. §§ 1158(a)(2), (3), 1252(a)(2)(D). Struk contends that her asylum application was timely because she could not have applied until she was baptized. Insofar as she argues that she could not seek asylum based on religious persecution unless the faith recognized her as a member, she raises a reviewable question of law, but her claim is without merit. An asylum applicant bears the burden of establishing that the alleged persecution is on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i). However, "[p]ersecution for 'imputed' grounds (*e.g.*, where one is erroneously thought to hold particular political opinions or mistakenly believed to be a member of a religious sect) can satisfy the 'refugee' definition." *In re S-P-*, 21 I. & N. Dec. 486, 489 (BIA 1996); *see Rizal v. Gonzales*, 442 F.3d 84, 90 n.7 (2d Cir. 2006).

Moreover, Struk's argument ignores the agency's determination that her baptism did not materially affect her eligibility for asylum because she alleged she had been raised in the faith, had been persecuted in Ukraine on the basis of her religion, and had begun the process of becoming baptized within one year of her arrival in the country.

Struk has not identified any error of law in this determination.

## II. Withholding of Removal

In her brief, Struk abandons her claim of past persecution and, accordingly, must make an independent showing of a likelihood of persecution. *See* 8 C.F.R. § 1208.16(b). The agency reasonably found that Struk did not meet this standard.

The country reports, which Struk admits include little information about Jehovah's Witnesses, support the agency's determination that she did not show either that she would be singled out for persecution or that Jehovah's Witnesses face "systemic or pervasive" harm in Ukraine. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (providing that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Struk's claim that *all* religious minorities in Ukraine are persecuted is not supported and she has not identified evidence compelling the conclusion that she would be subject to persecution.

4

Moreover, the agency reasonably found that Struk's fear of future persecution was undercut by her testimony that her parents had not been harmed since 2008. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution diminished when similarly-situated relatives continued to live in applicant's native country without harm).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5